FILED
September 02, 2011
CLERK, U.S. BANKRUPTCY COURT
EASTERN DISTRICT OF CALIFORNIA
0003744491

MCN-01

Cynthia R. Flahive - SBN 207823
CINDER LAW GROUP
2360 E. Bidwell Street, Suite 220
Folsom, CA 95630
Ph: (916) 817-2098

# UNITED STATES BANKRUPTCY COURT

## EASTERN DISTRICT OF CALIFORNIA

In Re:

    Robert Matthew Langfield
    Julie Leigh Langfield

                    Debtors'

Case No. 2011-28853
Hearing Date: 10/12/2011
Hearing Time: 10:00 AM
Location: 501 I Street, Sacrament, CA
         Sixth Floor, Courtroom 34

Honorable Judge Robert. S. Bardwill
Docket Control No.: MCN-01

## MOTION FOR ORDER COMPELLING ABANDONMENT

## OF THE ESTATE'S INTEREST IN DEBTORS' REAL PROPERTY

Cynthia R. Flahive of Cinder Law Group, on behalf of Robert Matthew Langfield and Julie Leigh Langfield, the Debtors herein, hereby moves this Court for an Order Compelling Abandonment of the Estate's Interest in Debtors' Real Property, located at 3331 County Road 88B and 3327 County Road 88B, Dunnigan, California 95937. This Motion is based on the following facts:

1. This case was commenced with the filing of a petition on April 8, 2011. Chapter 7 Trustee James Michael Hopper was duly appointed.

2. As shown in the filed schedules of this case, the Debtors own real property located at 3331 County Road 88B, Dunnigan, California 95937 (hereinafter "Property").

3. The estimated value of the Property is $180,000.00, as listed in Schedule A (Exhibit A).

Motion to Compel                                                     1

4. As shown in Schedule D (Exhibit B), the Property has two secured creditors: Robert & Alicia Larsen located at 1042 Lake Glenn Way, Sacramento, California 95822 in the amount of $49,620.99 and Yolo County located at P.O. Box 1995, Woodland, California, 95776 in the amount of $2,042.00. The total amount of liens against the Property is $52,042.00.

5. The difference between the value of the property and the total liens is $127,958.00, as show below:

   Value of the Property ...................................................$180,000.00

   Liens against the Property .............................................-$52,042.00

   Gross Equity ...............................................................$127,958.00

6. According to 11 U.S.C. 552(b)(3)(A) a debtor's domicile for use of state exemptions is based "on the date of the filing of the petition at the place in which the debtor's domicile has been located for the 730 days immediately preceding the date of the filing of the petitioner if the debtor's domicile has not been located at a single State for such 730-day period, the place in which the debtor's domicile was located for 180 days immediately preceding the 730-day period or for a longer portion of such 180-day period than in any other place;"

7. The debtors are entitled to use California exemptions as they moved to Dunnigan, California from Kalamath, Oregon, in May 18, 2008 and satisfy the residency requirements for use of California exemptions pursuant to 11 U.S.C. 552(b)(3)(A).

8. C.C.P. §704.730(a)(3)(B) states that the amount of the homestead exemption is $175,000.00 if the debtors are married and one of the debtors who resides in the homestead is at the time of the attempted sale of the homestead "a person physically or mentally disabled who as a result of that disability is unable to engage in substantial gainful employment". The Debtors satisfy this exemption as they reside in the Property, they are married, and the co-debtor is disabled.

9. Applying C.C.P. §704.730(a)(3)(B) and shown in Schedule C (Exhibit C), the Debtors' claim an exemption of $127,958.00 against the gross equity in the Property.

10. In the event an objection is filed against the Debtor's use of exemptions, pursuant to Federal Rule of Bankruptcy Procedure 4003(c) the burden of proof is on the party objecting to the exemption.

11. Under the provisions of Title 11, U.S. Code §554(a), the Trustee may abandon any property of the estate that is burdensome or of inconsequential value and benefit to the estate.

12. Federal Rule of Bankruptcy Proceeding 6007(b) permits a party in interest, including the Debtor, to file a motion seeking to compel the Trustee to abandon any property of the estate.

13. Based on the value of the Property, the liens against the Property, and the debtor's exemptions the Property is of inconsequential value and benefit to the estate as summarized below:

| | |
|---|---|
| Value of the Property | $180,000.00 |
| Liens against the Property | -$52,042.00 |
| Gross Equity | $127,958.00 |
| Debtors' exemptions | -$127,958.00 |
| Net value of Property | $0.00 |

14. The Debtors' also submit to the Court a Memorandum of Points and Authorities in Support of Motion to Compel Abandonment and assert that based on the lack of any unexempt equity in the Property there is no benefit to the estate to retain an interest in the Property as part of the estate.

Wherefore, the Debtors' move this Court to issue an Order Compelling the Trustee to Abandon the Estate's Interest in Debtors' Real Property.

DATED: 9-1-11

Cinder Law Group, Attorneys for the Debtor
by Cynthia Flahive